IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JEFF FARMER, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. PWG-18-567 |
| WARDEN KEITH L. LYONS, *et al.*, | * | |
| Defendants. | * | |

***

## MEMORANDUM OPINION

On, March 14, 2018, the Department of Public Safety and Correctional Services was directed to show cause why injunctive relief should not be granted regarding Plaintiff Jeff Farmer's claim that his life was endangered by correctional officers who refused to put him in protective custody. ECF No. 6. Thereafter, Mr. Farmer filed an Amended Complaint, Am. Compl., ECF 10, and Defendants filed a response to the show cause order, Defs.' Resp. to Show Cause, ECF No. 12. In addition, Mr. Farmer moves for an extension of time to amend the complaint, for appointment of counsel, and for injunctive relief. Pl.'s Mot., ECF 11. Although service of the complaint, as amended and supplemented, has not yet been directed by the Court, counsel have entered their appearance on behalf of Wexford Health Source, Inc., Dr. Orioku Ijoma, Dr. Clem, and Bruce Ford. ECF Nos. 13–15. Because Mr. Farmer is pursuing identical claims against Wexford Health Source, Inc., Dr. Ijoma, Dr. Clem, and Mr. Ford in a separate litigation, these defendants will be dismissed and their motion for extension of time to respond, ECF No. 16, and motion to dismiss, ECF No. 18, will be denied as moot. Plaintiff has not demonstrated he is likely to succeed on the merits, and therefore, his request for injunctive relief shall be denied. Further, service of the remaining claims shall take place as set out in the accompanying order.

1

**Ongoing Litigation on Medical Treatment**

In *Farmer v. Wexford Health Sources, Inc.*, No. PWG-17-346 ("*Farmer I*"), Farmer raised the following claims against medical care providers: he was denied back surgery and effective pain management pending the surgery; his prescription for pain medication was cut in half for non-medical reasons; his allergy medication was changed to something less effective; and he had not received treatment for a shoulder injury sustained during a fall from a prison van. *Farmer I* Compl., ECF No. 1 in PWG-17-346. Defendants motion for summary judgment was granted in part and denied in part the remaining and dismissed claims were as follows:

| *Remaining claims* | *Dismissed claims* |
|---|---|
| Eighth Amendment<br>• Claims [against] Drs. Onabajo, Obsu, and Wright regarding failure to provide prescribed testing to determine cause of chronic back and shoulder pain<br>• Claim against Wexford Health Sources, Inc. regarding failure to approve or make arrangements for full treatment and diagnosis of chronic back and shoulder pain | Eighth Amendment<br>• All claims concerning changes in medication.<br>• All claims against Rebecca Barnhardt, RN and Jonathan Thompson, MD |

*Farmer I* Mem. Op. 23, ECF No. 42 in PWG-17-346. Counsel was appointed for Plaintiff for the resolution of the remaining claims. *Farmer I* Order Appt. Counsel, ECF No. 44 in PWG-17-346.

Here, Plaintiff alleges that Defendant Bruce Ford, P.A., has discontinued pain medications, delayed his receipt of an MRI, cut off allergy medications, and has postponed needed surgery for Plaintiff's shoulder and back; that Dr. Ijoma refused to explain why Plaintiff's surgery has been delayed, denied an increase in prescribed pain medications and told Plaintiff to buy over-the-counter medications in the commissary, and lied about getting his allergy medications returned; and that Dr. Clem supervises Dr. Ford and Dr. Ijoma but has failed

to correct their errors. Am. Compl. Facts 22–31, ECF No. 10-1. These claims may not be litigated anew in this case. To the extent that the claims name new Defendants or differ slightly from the claims litigated in *Farmer I*, raising them in a new complaint is still prohibited. "The rule against claim splitting 'prohibits a plaintiff from prosecuting [his] case piecemeal and requires that all claims arising out of a single wrong be presented in one action.'" *Lee v. Norfolk S. Ry. Co.*, 802 F.3d 626, 635 (4th Cir. 2015) (quoting *Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp.,* 273 Fed. App'x. 256, 265 (4th Cir. 2008)).

Counsel entered their appearance in this case on behalf of Wexford Health Source, Inc., Dr. Orioku Ijoma, Dr. Clem, and Bruce Ford, and moved for an extension of time to respond to Farmer's request for injunctive relief. ECF No. 16. Service of the Complaint has not been directed by this Court and, upon review, the need for a response to the claims asserted against these defendants is obviated. As the same or related claims against Defendants Wexford Health Source, Inc., Dr. Orioku Ijoma, Dr. Clem, and Bruce Ford are being pursued in *Farmer I*, these defendants are dismissed from this case, *see Lee*, 802 F.3d at 635, and their motions to dismiss, ECF No. 18 and for an extension of time, ECF No. 16, are denied as moot.

**Claims against Judicial Officials and Employees**

Mr. Farmer names Robert Duckworth, Clerk of the Circuit Court for Anne Arundel County and Theodore Phoebus, Clerk of the Circuit Court for Somerset County as Defendants. Am. Compl. Facts 3–4, 7. He alleges that Mr. Duckworth refused to "comply with [his] occupational duties/responsibilities and instead of justice only offered hindrance and interference." *Id.* at 3. Mr. Farmer alleges that he repeatedly filed motions in the court to "preserve and send [him a] copy of the video footage" of an incident on November 26, 2015, where he claims he was assaulted by Officer W. Taylor when he slammed another inmate's

wheelchair down on his foot. *Id*. Farmer also faults the judge who denied his motions, but does not name him as a Defendant. *Id*. The claim against Mr. Phoebus is less clear as Farmer simply states that Mr. Phoebus and Judge Daniel Long[1] of Somerset County Circuit Court were "notified of my intention to file claim" "but chose to disregard my attempts to have the courts help in this matter just as they had done in numerous other cases many times previously." *Id.* at 4.

The claims against Mr. Duckworth and Mr. Phoebus are frivolous and must be dismissed. These claims in essence seek to impose liability on the basis of the content of the judge's decisions denying Mr. Farmer's motions or dismissing his cases and are barred by judicial immunity. *See Forrester v. White*, 484 U.S. 219, 226–27 (1988). It is the "nature of the function performed, not the identity of the actor who performed it" that determines whether absolute immunity applies to bar a claim. *Id*. at 229. Mr. Farmer's attempt to sue Mr. Duckworth and Mr. Phoebus for their roles in enforcing decisions by a state court judge, who denied Mr. Farmer's motions, therefore must be dismissed.

**Complaint, Supplement, and Amended Complaint**

Here, the Complaint, ECF No. 1 and Supplement to the Complaint, ECF No. 5, concern incidents occurring at Eastern Correctional Institution ("ECI") beginning December 20, 2017, and raise the following new claims: that Officer Pedro and Lt. Elliott assaulted Mr. Farmer; that Mr. Farmer was convicted of a "fraudulent" disciplinary violation written by Officer Healey and Lt. Elliott; that he was denied access to the administrative remedy procedure ("ARP"); that he was denied showers and meals while confined to segregation; that Officer Christopher harassed him and refused to remove inmates who pose a threat to Mr. Farmer from his cell; and that Mr.

---

[1] Farmer does not name Judge Long as a Defendant.

4

Farmer was assaulted by three unnamed gang members on July 13, 2017, and that subsequently officers have failed to keep Plaintiff's reports regarding the attack confidential from other inmates. *Id*. Mr. Farmer has amended his complaint by filing 42 pages of allegations including some reaching back to 2015, claims concerning conditions at ECI; and the medical claims that were and are being litigated in *Farmer I*.[2] *See* Am. Compl. Facts 22–31. Mr. Farmer's claims regarding his treatment at ECI and the alleged attacks by officers and gang members will proceed for a response from those Defendants.

## Injunctive Relief

Counsel for the Department of Public Safety and Correctional Services filed a Response to the Order to Show Cause. Defs.' Resp. to Show Cause. Defendants addressed Mr. Farmer's allegations that he was stabbed on July 13, 2017 by gang members; that Officer Christopher called him a "rat" in front of other inmates causing him to be targeted for reprisal; that Officer Arndt and Lt. Landon failed to keep their investigation of his assault confidential which also caused him to be targeted for reprisal; and that the Black Guerilla Family ("BGF") has offered money for a hit on Mr. Farmer are addressed in the response. *Id.* at 1–7.

---

[2] Plaintiff is warned that repeated amendments will not be permitted. Pursuant to Federal Rule of Civil Procedure 15(a), "[a] party may amend its pleading once as a matter of course within 21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15 dictates that "[t]he court should freely give leave when justice so requires." *Id*. Although leave to amend must be freely given by this Court, leave to amend may be denied where the proposed amendment would be prejudicial to the opposing party, or the moving party has acted in bad faith, or the amendment would be futile. *See Equal Rights Ctr. v. Niles Bolton Assoc.*, 602 F.3d 597, 603 (4th Cir. 2010). A proposed amendment is prejudicial to the opposing party if it is belated and would change the nature of the litigation. *Id*. at 604; *see also Deasy v. Hill*, 833 F.2d 38, 42 (4th Cir. 1987). Should a new cause of action arise based on facts not alleged here or in the prior lawsuit, Plaintiff may file a new complaint. His requests for an extension of time to amend the complaint (ECF Nos. 3 and 11) ARE DENIED.

Mr. Farmer was assigned to disciplinary segregation status which was set to end on June 17, 2018. Kiser Decl. ¶ 3, ECF No. 12-1. While on disciplinary segregation, inmates "are escorted by correctional officers whenever they leave their cells." *Id.* Thus far, Mr. Farmer has not specifically named other inmates who pose a threat of harm to him. As background, Dayena Corcoran, Commissioner of Correction, indicated in a letter to Representative Elijah Cummings[3] that

> Mr. Farmer has been housed at numerous correctional facilities throughout the state and has refused housing on multiple occasions but will not reveal the source of his issues. He was received at Maryland Reception, Diagnostic and Classification Center (MRDCC) on January 31, 2011, and has been housed at eight different correctional facilities. He also has received multiple rule violations for failing to follow the established rules and regulations of the institution which has also resulted in the loss of good conduct credits and being placed on disciplinary segregation. As long as Mr. Farmer is unwilling to provide information that would allow us to research suitable safe housing options and he continues to refuse housing we are unable to adequately address his needs.

Corcoran Ltr., ECF No. 12-2.

On July 13, 2017, Plaintiff reported being threatened by other inmates and claimed they had stolen his radio. July 13, 2017 Notice of Inmate Rule Violation, ECF No. 12-3. Mr. Farmer reported this accusation to Lieutenant Landon, and then was asked to write a statement including an identification of the inmates threatening him. *Id.* Mr. Farmer refused to do so even after he was told he would have to return to his cell if he did not identify the inmates. *Id.* Plaintiff did not file any complaints with medical staff that he had suffered harm at the hands of other inmates between July 13, 2017 and July 31, 2017. *See* Med. R., ECF No. 12-4.

---

[3] The Honorable Elijah E. Cummings is a member of the U.S. House of Representatives and represents Maryland's 7th Congressional District. United States Congressman Elijah E. Cummings, Biography, https://cummings.house.gov/ (last visited June 27, 2018).

Mr. Farmer claimed in an ARP that he required assignment to protective custody because he had been robbed at knife point by members of a gang and his commissary purchases were taken. ARP ECI-2763-17 at 3, ECF No. 12-5. The ARP was dismissed because his claim that he had been robbed could not be substantiated and he did not provide the names of the inmates who robbed him. *Id*. at 1.

When Plaintiff later made the same allegation in another ARP, he was taken to another area of the prison to be interviewed at the direction of Lieutenant Landon. ARP R. ECI-2008-17 at 12, ECF No. 6. During the interview Plaintiff claimed that the July 13, 2017 assault was committed by three white male inmates, but he again refused to identify them or to provide a written statement. *Id*. Lieutenant Landon documented that while he made "every effort" to keep his voice down, Plaintiff became agitated and raised his voice during the interview. *Id*.

Similarly when Mr. Farmer asked to be moved to another cell because he had a fight with his cellmate, he refused to be interviewed. ARP ECI-327-18 at 3, ECF No. 12-7. Lieutenant Elliott denies the allegation that gang members were put in Mr. Farmer's cell intentionally to cause him harm and further states that Mr. Farmer has not submitted any written requests for a change of cellmates nor has he reported a fight with his cellmate. *Id*. at 5.

When Farmer filed an ARP indicating that Officer Christopher was "corrupt" and "unprofessional," he again refused to be interviewed. ARP ECI-328-18 at 1–4, ECF No. 12-8. Officer Christopher denies the allegation. *Id*. at 6.

*Standard of Review*

A preliminary injunction is an extraordinary and drastic remedy. *See Munaf v. Geren,* 553 U.S. 674, 689–90 (2008). A party seeking a preliminary injunction or temporary restraining order must establish the following elements: (1) a likelihood of success on the merits; (2) a

likelihood of suffering irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the party's favor; and (4) why the injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc*., 555 U.S. 7, 20 (2008); *The Real Truth About Obama, Inc. v. Federal Election Comm'n*, 575 F.3d 342, 346–47 (4th Cir. 2009). As to irreparable harm, the movant must show the harm to be "neither remote nor speculative, but actual and imminent." *Direx Israel, Ltd. v. Breakthrough Medical Group,* 952 F.2d 802, 812 (4th Cir. 1991) (citation omitted). In the prison context, courts should grant preliminary injunctive relief involving the management of correctional institutions only under exceptional and compelling circumstances. *See Taylor v. Freeman*, 34 F.3d 266, 269–70 (4th Cir. 1994).

In order to prevail on an Eighth Amendment claim of failure to protect from violence, Farmer must establish that Defendants exhibited deliberate or callous indifference to a specific known risk of harm. *See Pressly v. Hutto*, 816 F.2d 977, 979 (4th Cir. 1987).

> Prison conditions may be "restrictive and even harsh," but gratuitously allowing the beating or rape of one prisoner by another serves no legitimate penologicial objective, any more than it squares with evolving standards of decency. Being violently assaulted in prison is simply not "part of the penalty that criminal offenders pay for their offenses against society."

*Farmer v. Brennan*, 511 U.S. 825, 833–34 (1994) (internal citations omitted).

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id*. at 837, *see also Rich v. Bruce*, 129 F.3d 336, 339–40 (4th Cir. 1997). "[N]ot every injury suffered by a prisoner at the hands of another translates into constitutional liability for prison officials responsible for the victim's safety." *Makdessi v. Fields*, 789 F.3d 126, 133 (4th Cir. 2015).

8

It is axiomatic that prison officials cannot endeavor to protect an inmate from threats that the inmate refuses to identify or expound upon, as Farmer has done here. It is clear from his pleadings that Farmer knows the names of his assailants, but has simply refused to provide that information to correctional staff attempting to substantiate his claims. Not only does that refusal thwart any honest attempts to address Mr. Farmer's stated safety concerns, it also detracts from the credibility of the claims raised. While this Court recognizes that naming one's assailants in a prison setting may involve a degree of risk, correctional officials cannot be held responsible for allegedly failing to protect an inmate from perceived enemies if the inmate refuses to cooperate by identifying the source of the threats. Further, there also is a lack of any objective evidence that the alleged assaults resulted in serious injury requiring medical attention. As such, Farmer has failed to show a likelihood of success on this claim and the request for injunctive relief shall therefore be denied.[4] *See Winter*, 555 U.S. at 20; *The Real Truth About Obama, Inc.*, 575 F.3d at 346–47.

## Conclusion

The claims against Wexford Health Source, Inc., Dr. Orioku Ijoma, Dr. Clem, Bruce Ford, Robert Duckworth, and Theodore Phoebus are dismissed. The claims against Defendants Warden Keith L. Lyons, Warden Ricky Foxwell, Officer W. Waylor, P. Knight, Muir, Commissioner of Corrections, Inmate Grievance Office, Lieutenant London, Officer Arndt, Lieutenant Stephen Elliot, Officer Christopher, Officer Charles Westbrook, Lieutenant Murphy, Lieutenant Gregory Ward, and Shanuka Gustus shall be served on Defendants and a response required. Plaintiff's Motion for Injunctive Relief (ECF No. 3) IS DENIED. Except to the extent that partial payments are required, Plaintiff's Motion to Proceed in Forma Pauperis (ECF No. 2)

---

[4] As Mr. Farmer has not demonstrated he is likely to succeed on the merits, I need not address the remaining requirements to grant a preliminary injunction.

IS GRANTED.  Plaintiff's Motion for Extension of Time to Amend (ECF No. 11) IS DENIED and Defendants' Motion for Extension of Time to Respond (ECF No. 16) and Motion to Dismiss (ECF No. 18) ARE DENIED as moot.  The following allegations, pertaining to Mr. Farmer's § 1983 claims, remain in this litigation:

| | |
|---|---|
| January 19, 2016 | Refusal to assign to a bottom bunk. |
| July 13, 2017 | Assault by gang members; harassment by Officer Christopher; and refusal to move cellmate out |
| December 20, 2017 | Assault by Officers at ECI |
| December 20, 2017 | "Fraudulent" disciplinary charge and conviction |
| February 13, 2018 | Denial of food and showers on segregation |
| Dates unknown | Denial of access to administrative remedy procedure |

A separate Order directing service and implementing the content of this Memorandum Opinion follows.

July 26, 2018  /S/
Date  Paul W. Grimm
  United States District Judge