# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JEFF FARMER | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. PWG-18-567 |
| WARDEN KEITH L. LYONS, *et al.* | * | |
| Defendants | * | |

\*\*\*

## MEMORANDUM

Plaintiff Jeff Farmer has brought this action seeking damages and injunctive relief in connection with the conditions of his confinement in a Maryland penitentiary. Am. Compl., ECF No. 10. This Court's Memorandum and Order of July 26, 2018 (ECF Nos. 23 & 24) denied various requests for injunctive relief, dismissed certain claims, and required service of the properly stated claims. ECF Nos. 23 & 24. Two additional matters now demand the Court's attention. The first is a July 11, 2018 filing, titled, "Request for Expedition of Injunction Request and to Start Trial," which, among other things, asserts Defendants restricted Farmer's access to water. Pl.'s July 11, 2018 Mot., ECF No. 22. A second filing, styled as a "Request for Subpeona [sic] and Preservation of Crucial Evidence/Camera Footage," contains a series of requests, including requests for access to counsel and for a subpoena of video surveillance footage. Pl.'s Aug. 13, 2018 Mot., ECF No. 29.[1] For the reasons detailed below, the motions are denied.

### Access to Drinking Water

---

[1] The Court's July 17, 2018 Order directed the Department of Public Safety and Correctional Services (DPSCS) to respond to Farmer's assertions about access to water. Order, ECF 23. DPSCS responded on July 27, 2018. Defs.' Resp., ECF 27. A hearing is not necessary. *See* Loc. R. 105.6 (D. Md. 2016).

In Farmer's July 11, 2018 filing, he alleges that between July 2 and 8, 2018, he received no potable drinking water in his cell and no more than one or two cups of ice per day. Pl.'s July 11, 2018 Mot. 1, ECF No. 22. The Department of Public Safety and Correctional Services (DPSCS) responded on July 27, 2018, submitting records showing that Farmer complained on July 6, 2018, that there was no water in his cell. Ex. to Defs.' Resp. 7, ECF No. 27-1. As best I can discern, the sink in Farmer's cell was not working for a period of time. Defense counsel was unable to locate a work order to establish the sink had been repaired, but Captain Darryl Mears and Lt. William Clayton averred the problem was fixed, possibly by the "inmate plumber," and that a July 19, 2018, inspection found the cell had running water. *Id.* at 3. Farmer himself has stated that plumbers serviced the sink on July 12, 2018. Pl.'s Aug. 13, 2018 Mot. 13.

The Prison Litigation Reform Act requires exhaustion of available administrative remedies prior to the filing of a civil rights action. *See* 42 U.S.C. § 1997e. The exhaustion requirement serves several purposes, including "allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock,* 549 U.S. 199, 219 (2007); *see Moore v. Bennette,* 517 F.3d 717, 725 (4th Cir. 2008). Defendants note Farmer did not file an administrative remedy procedure complaint ("ARP"). Ex. to Defs.' Resp. 2, ECF No. 27-1. Farmer has conceded the point. Pl.'s Aug. 13, 2018 Mot. 13 ("She's real funny stating that I did not file an ARP! Why would I, [since] in the 100 [or] so I've filed not one single one has EVER resolved any problem?"). In failing to exhaust his administrative remedies, Farmer did not afford corrections officials a sufficient opportunity to address his concerns through the administrative process. His claim for legal relief is therefore dismissed. *See* 42 U.S.C. § 1997e.

## Appointment of Counsel

Farmer's August 13, 2018, filing contains, among various other requests, a demand for appointment of counsel. Pl.'s Aug. 13, 2018 Mot. 5-6. A federal district court judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1) is a discretionary one. *See* 28 U.S.C. § 1915(e)(1); *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). A judge may freely deny the request where the case presents no complex issues or exceptional circumstances. *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989).

Farmer argues it is difficult to represent himself because he lacks access to a law library while segregated from other inmates and would find it challenging to gather affidavits and other evidence. Pl.'s Aug. 13, 2018 Mot. 5-6. Farmer's circumstances, though, are hardly unusual, and his claims present no issues of particular complexity. At this early stage of the case, where discovery has yet to commence, no exceptional circumstances are apparent. Farmer's motion is therefore denied without prejudice. *See Whisenant*, 739 F.2d at 163.

## Reconsideration of Dismissed Claims

Farmer next asks for "reconsideration" of this Court's Memorandum and Order of July 26, 2018 (ECF Nos. 23 & 24) dismissing claims against a number defendants on the grounds that some of the claims were frivolous, while others were duplicative of claims Farmer has brought in separate litigation. Pl.'s Aug. 13, 2018 Mot. 7-16. I construe this request as a Rule 54(b) motion to reconsider an order that is not a final judgment. *See Broadvox-CLEC, LLC v. AT&T Corp.*, 98 F. Supp. 3d 839, 850 (D. Md. 2015). In reviewing a Rule 54(b) motion, the Court takes guidance from the case law governing Rule 59(e) motions to alter or amend a judgment and Rule 60(b) motions for relief from judgment.

A Rule 59(e) motion "need not be granted unless the district court finds there has been an intervening change of controlling law, that new evidence has become available, or that there is a need to correct a clear error or prevent manifest injustice." *Robinson v. Wix Filtration Corp. LLC,* 599 F.3d 403, 411 (4th Cir.2010). Rule 60(b) provides overlapping, but broader, bases for relief from a court order: "mistake, inadvertence, surprise, or excusable neglect"; newly discovered, previously unavailable evidence; "fraud ..., misrepresentation, or misconduct by an opposing party"; a void, satisfied, or discharged judgment, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b).

Farmer's dissatisfaction with the Court's order is unmistakable. *See, e.g.,* Pl.'s Aug. 13, 2018 Mot. 14 (accusing this Court of "abusing your powers to protect your fellow court workers"); *id.* at 11 (faulting the Court for having the "audacity or incompetence" to credit a "dumbass statement"). His motion, though, does not challenge the Court's conclusion that certain claims were duplicative, nor does it illuminate any clear errors in the Court's determination that other claims lacked merit. Federal law requires the Court to screen prisoner complaints and dismiss claims that are frivolous or malicious or that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b). Farmer's Rule 54(b) motion, accordingly, is denied. The Court further cautions Farmer to refrain from continued inappropriate language and attacks on the Court's integrity in future filings, which may result in the entire pleading being stricken.

### Request for Cease and Desist Order

Farmer also asks the Court to order Robert P. Duckworth, Clerk of the Circuit Court for Anne Arundel County, to cease sending him bills for fees purportedly owed in connection with a prior lawsuit that has since been dismissed. Duckworth is no longer a party to this case. *See*

Mem. Op., ECF No. 24. For that matter, the fees appear to relate to a state court case. While federal law authorizes this Court to issue "all writs necessary or appropriate in aid of their respective jurisdictions," 28 U.S.C. § 1651, the subject of Farmer's request would seem to lie within the jurisdiction of Maryland's state courts. For this reason, I decline to issue a writ of mandamus compelling Duckworth to cease and desist any ongoing attempts to collect fees from Farmer and would advise Farmer to consider directing his request to the circuit court.

## Request for Subpoena

Finally, Farmer asks the Court to issue a subpoena directing corrections officials to preserve all video surveillance from Farmer's housing unit extending back one year. Pl.'s Aug. 13, 2018 Mot. 1-4. Under Local Rule 102.3, in cases where a pro se litigant requests a subpoena, "the Court may refuse to authorize issuance of the subpoena if it concludes that the subpoena imposes undue burden or expense on the person subject to the subpoena . . . ." Local Rule 102.3 (D. Md. 2016). Farmer contends, in part, that video surveillance will reveal that plumbers came to fix his sink on July 12, 2018. Pl.'s Aug. 13, 2018 Mot. 13. This fact is undisputed and, in any event, this Order and Memorandum dismisses the claim concerning his alleged lack of access to drinking water. Farmer also asserts that the requested video footage will support his claims that prison guards withheld food from him, prevented him from showering, and failed to protect him. *Id.* at 1-2. His request, though, is unquestionably overbroad and would unduly burden corrections officials. The request is therefore denied. The Court reminds defense counsel that if there are any *relevant* video recordings for the claims asserted, the defense must accord Farmer an opportunity to view them. The Court likewise reminds Farmer that discovery has not commenced in this case and he may not serve discovery requests on counsel before discovery has been ordered.

## Conclusion

This Court issued a Case Management Order in this case notifying the parties that all motions filed must comply with the Local Rules of this Court. Case Mgmt. Order 2, ¶ B, ECF No. 4. Under Local Rule 102.2(b), "[a]ll documents filed with the Court shall not exceed 8 ½" x 11", with a one-inch margin on all sides." Farmer's pleadings have no margins and are barely legible. *See* Local Rule 102.2(c) (D. Md. 2016) (documents must be legible). Any future pleadings or motions must be drafted with these requirements in mind.

A separate Order follows.

_____  
Date

_____ 9/10/18
Paul W. Grimm
United States District Judge